Jan D. Sokol, OSB #780873
jdsokol@sokol-larkin.com
Anthony Jannelli, OSB #224282
ajannelli@sokol-larkin.com
SOKOL LARKIN WAGNER & STORTI LLC
4380 S Macadam Ave., Suite 530
Portland, OR  97239
Telephone: (503) 221-0699
Facsimile: (503) 223-5706
*Attorneys for Plaintiff Liberty Mutual Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>                      Plaintiff,<br><br>   v.<br><br>RB PAMPLIN CORPORATION, a Delaware Corporation; ROSS ISLAND SAND & GRAVEL CO., an Oregon Corporation; PACIFIC NORTHWEST AGGREGATES, INC., a Washington Corporation; COLUMBIA EMPIRE FARMS, INC., an Oregon Corporation; K.F. JACOBSEN & CO., INC., an Oregon Corporation; B. GENTLE CONCRETE CONSTRUCTION CO., a dissolved Oregon Corporation,<br><br>                      Defendants. | Case No. 3:24-cv-1598<br><br>**COMPLAINT**<br><br>(Breach of Contract; Specific Enforcement of Indemnity Agreement) |

For its Complaint, Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") alleges as follows:

**PARTIES**

1.     Liberty Mutual is a corporation incorporated under the laws of the State of Massachusetts, with its principal place of business located in Boston, Massachusetts.

COMPLAINT - 1

Liberty Mutual is licensed to do business and to execute bonds in the States of Oregon and Washington.

2. Defendant R.B. Pamplin Corporation ("Pamplin") is an Oregon corporation with its principal place of business located in Portland, Oregon.

3. Defendant Ross Island Sand & Gravel Company ("Ross Island") is an Oregon corporation with its principal place of business located in Portland, Oregon. On information and belief, Ross Island is a wholly owned subsidiary of Pamplin.

4. Defendant K&F Jacobsen & Co., Inc. ("Jacobsen") is an Oregon corporation with its principal place of business located in Clackamas, Oregon. On information and belief, Jacobsen is a wholly owned subsidiary of Ross Island.

5. Defendant Columbia Empire Farms, Inc. ("Columbia") is an Oregon corporation with its principal place of business located in Sherwood, Oregon. On information and belief, Columbia is a wholly owned subsidiary of Pamplin.

6. Defendant Pacific Northwest Aggregates, Inc. ("PNA") is a corporation incorporated under the laws of the State of Washington. On information and belief, PNA is a wholly owned subsidiary of Ross Island. On information and belief, PNA's core corporate functions are executed by Pamplin and/or Ross Island at Pamplin and/or Ross Island's principal places of business located in Portland, Oregon.

7. Defendant B. Gentle Concrete Construction Company is a dissolved Oregon corporation with its last principal place of business located in Portland, Oregon. On information and belief, B. Gentle Concrete Construction Company was a wholly owned subsidiary of Pamplin.

8. Said defendants are hereinafter referred to collectively as "Indemnitors."

COMPLAINT - 2

SOKOL LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR 97239
(503) 221-0699
FAX (503) 223-5706

**JURISDICTION**

9. Jurisdiction is proper in this Court under 28 USC § 1332(a) because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.

**GENERAL ALLEGATIONS**

10. At all relevant times, PNA was and is in the business of mining, extracting, removing, and selling sand, gravel, and other solid materials ("extraction activities"). At all relevant times, a large portion of its extraction activities occurred on individual Native American and/or tribal lands in the Pacific Northwest ("Allotments").

11. Regulatory oversight of extraction activities on Allotments is vested with the United States Department of the Interior's Bureau of Indian Affairs (the "BIA"). 25 CFR § 212 *et seq*. The United States Department of the Interior's Office of Natural Resource Revenue (the "ONRR") also plays a critical role in the regulation of extraction activities on Allotments. 30 CFR § 1206 *et seq*.

12. PNA operates the Avery Pit Mine, a sand and gravel mine on Allotment Number 154V-179 in Klickitat County, Washington. PNA is permitted to extract and transport sand and gravel from the Avery Pit Mine pursuant to two Leases of Allotment 154V-179, the terms of which are regulated by the BIA and ONRR. On information and belief, Lease No. M09-00909-0 permits PNA to extract sand and gravel from the Avery Pit Mine (the "Mining Lease"). On information and belief, Lease No. 5-2-1095-99-19 permits PNA to transport extracted sand and gravel across Allotment 154V-179 (the "Business Lease").

13. On information and belief, PNA is required to pay royalties to the Native

COMPLAINT - 3

SOKOL LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR 97239
(503) 221-0699
FAX (503) 223-5706

American allottees in accordance with the terms of the Mining Lease and transportation fees to the BIA under the terms of the Business Lease.

14. In January of 2013, the ONRR determined that PNA had improperly calculated, and therefore undervalued, its royalty payment obligations under the terms of the Mining Lease. As such, the ONRR ordered PNA to pay additional royalties to the Native American allottees in the total amount of $1,234,635.03.

15. In May of 2013, the BIA also determined that PNA had improperly calculated, and therefore undervalued, its transportation fee payment obligations under the terms of the Business Lease. As such, the BIA ordered PNA to pay additional transportation fees to the BIA in the total amount of $1,104,315.56.

16. In 2013, PNA filed separate administrative appeals regarding the additional royalty and transportation fee assessments imposed by the ONRR and BIA (the "Appeals" collectively and "Business Lease Appeal" or "Mining Lease Appeal" respectively).

17. At the request of the Indemnitors, Liberty Mutual posted two Administrative Appeal Bonds (collectively referred to as the "Appeal Bonds"). The Appeal Bond at issue here, Bond No. 53S201726, executed September 25, 2013, names PNA as Principal, Liberty Mutual as Surety, and the BIA as Obligee, and secures the payment of the additional transportation fees assessed by the BIA pending the outcome of the Business Lease Appeal.

18. In partial consideration for the posting of the Appeal Bonds, in 2003, Indemnitors signed a General Agreement of Indemnity in favor of Liberty Mutual (the "Indemnity Agreement"). Pursuant to paragraph 5, General Provisions, of the Indemnity Agreement, the Indemnitors agreed to, upon request, obtain the discharge of Bonds

COMPLAINT - 4

SOKOL LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

posted by Liberty Mutual. In the event discharge is unattainable, then, upon demand by Liberty Mutual, the Indemnitors are obligated to deposit collateral in an amount to be determined by Liberty Mutual as acceptable to cover all exposure under Bonds posted by Liberty Mutual. Failure to comply with such a demand constitutes a breach of the Indemnity Agreement.

19. Between February and July of 2024, Liberty Mutual made multiple attempts to communicate with PNA to determine the status of the Appeals. PNA repeatedly failed and/or refused to communicate with Liberty Mutual regarding the status of the Appeals.

20. In July of 2024, through its own efforts, Liberty Mutual determined that the Business Lease Appeal remains pending before the Department of the Interior Board of Indian Appeals and, as such, Bond No. 53S201726 remains effective.

21. On August 1, 2024, in accordance with its rights under the Indemnity Agreement, Liberty Mutual made a demand upon Indemnitors to discharge the Appeal Bonds immediately. Indemnitors failed and/or refused to discharge the Appeal Bonds.

22. On August 7, 2024, in accordance with its rights under the Indemnity Agreement, Liberty Mutual made a demand upon Indemnitors to deposit collateral in the amount of $1,104,315.56 with Liberty Mutual to cover all exposure under Bond No. 53S201726.

23. Despite demand upon Indemnitors to post collateral in accordance with their obligations under the Indemnity Agreement, Indemnitors have failed to deposit funds with Liberty Mutual.

///

///

COMPLAINT - 5

SOKOL LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

## FIRST CLAIM FOR RELIEF

### (Specific Enforcement of the General Agreement of Indemnity)

24. Liberty Mutual realleges the allegations set forth in paragraphs 1 through 23 above.

25. Consistent with the terms of the Indemnity Agreement, Indemnitors should be mandatorily enjoined, specifically to perform all terms and conditions of the Indemnity Agreement, including the posting of collateral security in an amount sufficient to indemnify and hold harmless Liberty Mutual against all loss, costs and expenses; and furnishing of competent evidence of Liberty Mutual's discharge from obligations under Bond No. 53S201726 without any loss.

26. Under the terms of the Indemnity Agreement, Liberty Mutual is entitled, in addition to all damages, to its reasonable attorney fees which may be awarded by the Court.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract – Damages)

27. Liberty Mutual realleges the allegations set forth in paragraphs 1 through 25 above.

28. Liberty Mutual has performed all conditions precedent, conditions and obligations on its part to be performed.

29. Liberty Mutual is entitled to judgment against Indemnitors, and each of them, for any amount it is required to pay to Obligees under Bond No. 53S201726, plus all loss, costs and expenses in connection with such claim, together with interest from the date of each payment.

COMPLAINT - 6

SOKOL LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment and decree as follows:

1. For a decree mandatorily enjoining Indemnitors, and each of them, specifically to perform all the terms, conditions and obligations under the Indemnity Agreement, and (a) the posting of collateral security in accordance with their obligations under the Indemnity Agreement; and (b) the furnishing of competent evidence of Liberty Mutual's discharge, without loss under Bond No. 53S201726;

2. For judgment against Indemnitors, and each of them, for all Plaintiff's losses, costs and expenses, including reasonable attorney fees arising as a result of Indemnitors' breaches under the Indemnity Agreement;

3. For judgment against Indemnitors, and each of them, for Plaintiff's attorney fees, costs and disbursements incurred; and

4. For such other and further relief as is just and proper.

DATED this 20th day of September, 2024

SOKOL LARKIN WAGNER & STORTI LLC

By: /s/ Jan D. Sokol
Jan D. Sokol, OSB #780873
jdsokol@sokol-larkin.com
Anthony Jannelli, OSB #224282
ajannelli@sokol-larkin.com
*Attorneys for Plaintiff Liberty Mutual Insurance Company*

COMPLAINT - 7

SOKOL LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR 97239
(503) 221-0699
FAX (503) 223-5706